Filed 10/23/25  P. v. Larios CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROQUE LARIOS, JR.,<br><br>    Defendant and Appellant. | F088493<br><br>(Super. Ct. No. MF013783A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Kari R. Mueller, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Roque Larios, Jr., was convicted of attempted murder and related crimes after he shot a man twice.  He was sentenced to an aggregate term of 50 years to

life.  Larios appealed, and our court remanded the matter for resentencing in light of a recent change in sentencing law.  (*People v. Larios* (Oct. 24, 2022, F082078) [nonpub. opn.] (*Larios*).)  At Larios's resentencing hearing, the trial court "maintain[ed]" the aggregate term of 50 years to life.  This term included an upper term sentence that was doubled due to a prior strike conviction, as well as multiple enhancements.  Larios again appealed.

On appeal, Larios argues:  (1) the trial court violated the Sixth Amendment by imposing upper term sentences because it relied on aggravating factors that were not found true beyond a reasonable doubt by a jury; and (2) the court abused its discretion by denying his requests to dismiss the prior strike conviction allegation, to dismiss enhancements, and to impose the lower term based on " 'super mitigating' " factors.  The People argue that the court did not abuse its discretion by denying his requests.  The People also argue that Larios forfeited his argument that the court violated the Sixth Amendment by imposing upper term sentences.  However, the People concede that if this argument was not forfeited, the court erred and the error was not harmless.[1]

We find that Larios's argument that the trial court violated the Sixth Amendment by imposing upper term sentences was not forfeited, and as the People concede, the court

---

[1] Larios also filed a request for judicial notice, asking us to take judicial notice of the Attorney General's Answer Brief on the Merits filed in *People v. Wiley* (2025) 17 Cal.5th 1069.  According to Larios, the Attorney General conceded that most aggravating factors require a jury determination, and that concession is relevant here.  However, after Larios filed this request, the Supreme Court issued its decision in *Wiley*.  Additionally, the People have since conceded that the trial court here erred, and that the error was not harmless.  Given these developments, it is unnecessary to consider concessions the Attorney General made in a brief in a different case, and we deny Larios's request for judicial notice.  (See *County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

2.

erred and the error was not harmless. Accordingly, we vacate Larios's sentence and remand for a full resentencing.[2]

## PROCEDURAL HISTORY

On August 11, 2020, the District Attorney of Kern County filed an amended information charging Larios with attempted murder (Pen. Code,[3] §§ 664, 187, subd. (a); count 1); assault with a firearm (§ 245, subd. (a)(2); counts 2, 3); illegally possessing a firearm (§ 29800, subd. (a)(1); count 4); and illegally possessing ammunition (§ 30305, subd. (a)(1); count 5). As to count 1, the amended information alleged that Larios personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)) and that the attempted murder was willful, deliberate, and premeditated (§ 189). As to count 2, the amended information alleged that Larios personally used a firearm (12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)). As counts 1, 2, and 3, the amended information alleged that Larios had a prior serious felony conviction (§ 667, subd. (a)). As to all counts, the amended information alleged that Larios had a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)).

Prior to jury deliberations, Larios pled no contest to counts 4 and 5, as well as the prior strike conviction allegation attached to each. The jury subsequently found him guilty of counts 1 and 2, but not guilty of count 3. Additionally, as to count 1, the jury found true the premeditation allegation and that Larios personally and intentionally discharged a firearm causing great bodily injury. As to count 2, the jury found true that Larios personally used a firearm and that he personally inflicted great bodily injury. At a

---

[2] Given that we are remanding for a full resentencing, we do not address Larios's other claims of error.

[3] All further undesignated statutory references are to the Penal Code.

3.

bifurcated court trial, the trial court found true the prior strike conviction allegation and the prior serious felony conviction allegation attached to counts 1 and 2.

On November 17, 2020, the trial court sentenced Larios to a term of 50 years to life. He appealed. On October 24, 2022, we remanded the matter for resentencing in light of a recent change in sentencing law, but otherwise affirmed the judgment. (*Larios*, *supra*, F082078.)

On August 9, 2024,[4] the trial court resentenced Larios. The court "maintain[ed]" the term of 50 years to life, which included multiple enhancements and an upper term sentence.

On August 14, Larios timely filed a notice of appeal.

## FACTUAL SUMMARY[5]

"The victim testified he was in a 'sexual relationship' with … Coffman. Larios was also in a relationship with Coffman. On one occasion, Larios approached the victim in an alley and challenged him to a fight. No fight ensued but Larios did fire a gunshot at the victim.

"Three days later, Larios confronted the victim in Coffman's home and said, 'I thought I told you to stay away from … here.' He then stated, 'You better get out of here before I blast you, fool.' The victim hesitated and Larios shot him twice.

"An eyewitness testified she heard the gunshots and then saw a man run to a car, enter it, and 'dr[i]ve off real fast.' Coffman was the driver. Larios and Coffman were arrested about one week later, at which time Larios possessed ammunition matching the 'brand and … cartridge designation' used in the shooting." (*Larios*, *supra*, F082078, fns. omitted.)

---

[4] Subsequent references to dates are to dates in 2024 unless stated otherwise.

[5] Our court summarized the facts underlying the conviction in Larios's prior appeal, *Larios*, *supra*, F082078, and we use that same summary here.

4.

## DISCUSSION

### I.  Section 1170

On January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) went into effect, amending section 1170.  Section 1170 now authorizes a trial court to "impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)  However, the court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

While not directly addressing section 1170, in *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), the United States Supreme Court held that, under the Fifth and Sixth Amendments, "[v]irtually 'any fact' that ' "increase[s] the prescribed range of penalties to which a criminal defendant is exposed" ' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." (*Id.* at p. 834.)  An exception to this allows a trial court to "find *only* 'the fact of a prior conviction.' [Citation.]  Under that exception, a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id.* at p. 838, italics added.)

In *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*), our Supreme Court addressed section 1170, subdivision (b)(3)'s prior conviction exception in light of the holding in *Erlinger*.  "To avoid any application that would set section 1170[, subdivision ](b)(3) at odds with the high court's constitutional interpretation, [the court] interpret[ed] section 1170[, subdivision ](b)(3)'s procedure in a manner that is coextensive with high court dictates." (*Id.* at p. 1086.)  Thus, in accordance with *Erlinger*, the court held that "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a

5.

prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Ibid.*, fn. omitted.)

## II. Standard of Review

"When a defendant is deprived of a jury trial on aggravating facts used to justify imposition of an upper term sentence, the reviewing court must apply the *Chapman*[6] standard of review. [Citations.] Under that standard, 'a sentence imposed under … section 1170[, subdivision ](b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' " (*Wiley*, *supra*, 17 Cal.5th at p. 1087.)

## III. Additional Background

On July 12, Larios filed a request for the trial court to strike the enhancements pursuant to section 1385.[7] He did not assert he had a right to a jury trial on aggravating factors.

On July 30, the prosecutor filed a sentencing statement, arguing that the trial court should reimpose the original sentence, including upper terms. The prosecutor cited to

---

[6] *Chapman v. California* (1967) 386 U.S. 18.

[7] Section 1385, subdivision (c)(1), provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2), provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." One mitigating circumstance is that "[t]he current offense [was] connected to prior victimization or childhood trauma." (§ 1385, subd. (c)(2)(E).)

two aggravating factors: (1) "defendant has engaged in violent conduct that indicates a serious danger to society" (Cal. Rules of Court, rule 4.421(b)(1));[8] and (2) "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness" (rule 4.421(b)(2)).

The resentencing hearing was held on August 9. After hearing arguments from the parties, the trial court ruled as follows:

> "The [c]ourt is very much familiar with this case. It has a strong recollection of the facts of this case, and quite frankly, the circumstances of this case are such that I don't believe this [c]ourt will ever forget the scenario that played out in this situation. While I do agree … that there is significant change in the laws since this case was originally sentenced, one of the things that … [s]ection 1385 still allows and still considers is that the [c]ourt does remain within its discretion when considering the circumstances, as you're referring to them as super mitigators.

> "I think that's a term of art more than a legal term, and I understand what you mean by that because the [L]egislature, in its language, has indicated that the [c]ourt should give great weight and uses often times the term shall as opposed to may.

> "And so it is clear to the Court what the [L]egislature's intent is, but the [L]egislature also includes that if the [c]ourt … finds the dismissal of the enhancement would endanger public safety [*sic*]. And it defines in danger of public safety, meaning there's a likelihood that the dismissal enhancement would result in physical injury or other serious danger to others.

> "Given the circumstances of this case alone and the history … that this [c]ourt is aware of as it relates to [Larios], I do believe that the [c]ourt would be within its discretion and is within its discretion to maintain the current sentence.

> "This was an egregious situation in which a firearm was used. It was a firearm that was used … under circumstances in which children were in the direct area that the firearm was discharged.

---

[8] Undesignated rules references are to the California Rules of Court.

7.

"There was an accomplice involved that was also convicted in this case that assisted in [Larios's] getaway from this situation as seen. And the [c]ourt cannot shake that and cannot be persuaded that dismissing the enhancements as requested would not result in significant safety concerns to both the victim in this case but as well as the public at large.

"And so, I will respectfully deny the request to dismiss the enhancements based on the [c]ourt's analysis. I do recognize I have the discretion. I do recognize the [L]egislature's desire to address, and quite frankly, mitigate these extended sentences such as the one [Larios] faces.

"But they also recognize that in certain circumstances, these sentences are … absolutely appropriate, and that is, I believe, the situation here. And so, I respectfully deny the motion to resentence based on the record made."

Larios then asked the court for clarification regarding whether it was declining to change the upper term sentences. The court stated:

"The [c]ourt is also not changing that for the same reasoning. It's largely based on the circumstances of this case, as well as the history that was presented and proven at the trial in this matter.

"And again, I want it to be clear that the [c]ourt recognizes its wide discretion and is choosing not to exercise it based on the circumstances of this case."

Larios did not object or otherwise assert he had a right to a jury trial on aggravating factors.

Ultimately, the court "maintain[ed]" the term of 50 years to life, which consisted of: on count 1, life with a minimum parole eligibility date of 14 years (seven years, doubled due to the prior strike conviction), plus 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)) and five years for the prior serious felony conviction allegation (§ 667, subd. (a)(1)); and on count 5, six years (the upper term, doubled due to the prior strike conviction). The court also imposed upper term sentences on counts 2 and 4, as well as on the firearm enhancement attached to count 2, but it stayed these sentences and the attached enhancements pursuant to section 654.

8.

**IV. Larios Did Not Forfeit His Claim That the Trial Court Violated His Right to a Jury Trial on Aggravating Factors**

The People argue that Larios forfeited his claim that the trial court violated the Sixth Amendment by imposing upper term sentences because he did not object at the sentencing hearing. The People also rely on *People v. Achane* (2023) 92 Cal.App.5th 1037. In that case, the trial court imposed an upper term sentence in February of 2020, but it suspended execution of the sentence and placed the defendant on probation. (*Id.* at p. 1039.) Probation was revoked in July of 2022, and the court imposed the upper term sentence. (*Id.* at pp. 1040–1041.) On appeal, the defendant argued that the trial court violated amended section 1170 by imposing an upper term sentence because the sentence "was not based on any aggravating factor that he admitted, a jury or judge found true beyond a reasonable doubt or was shown by a certified record of a prior conviction." (*Id.* at p. 1042.) The defendant did not ask the trial court to apply the recently amended section 1170, but on appeal he argued that the forfeiture doctrine did not apply because "unauthorized sentences are not subject to forfeiture" and his upper term sentence was unauthorized. (*Id.* at p. 1043.) The court rejected this argument, holding that when amended section 1170 is applied retroactively, imposition of an upper term sentence in violation of this section does not result in an unauthorized sentence. (*Id.* at pp. 1043–1044.)

The People are correct that failure to object before the trial court generally forfeits an issue on appeal, and this principle can apply to constitutional claims. (*People v. Stowell* (2003) 31 Cal. 4th 1107, 1114 ["The forfeiture doctrine is a 'well-established procedural principle that, with certain exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court' "]; *People v. Scott* (2015) 61 Cal.4th 363, 406 [" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial' "];

9.

*People v. McCullough* (2013) 56 Cal.4th 589, 593 [a constitutional right may be forfeited by failure to assert the right before the tribunal with jurisdiction to determine it].) Additionally, we do not take issue with the holding in *Achane*.

However, neither the People nor the court in *Achane* addressed the fact that the claim at issue involves the Sixth Amendment right to a jury trial. "Our state Constitution requires that waiver of jury trial in a criminal case be made 'by the consent of both parties expressed in open court by the defendant and the defendant's counsel.' " (*People v. French* (2008) 43 Cal.4th 36, 46 (*French*).) This express waiver requirement does not apply when the jury trial right is established by statute rather than the state or federal Constitution. (*Id.* at pp. 46–47.) However, our Supreme Court has made clear that, pursuant to the Sixth Amendment, "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Wiley*, *supra*, 17 Cal.5th at p. 1086, fn. omitted; *id.* at pp. 1082–1086.) As the jury trial right is based on the federal Constitution, an express waiver of the right is required. (*French*, *supra*, 43 Cal.4th at p. 47 ["When the constitutional right to jury trial is involved, we have required an express waiver even in cases in which the circumstances make it apparent that all involved—the trial court, the prosecutor, defense counsel, and the defendant—assumed that the defendant had waived or intended to waive the right to a jury trial."].)

Here, Larios did not expressly waive his right to a jury trial on the aggravating factors. Accordingly, because the claim at issue involves his Sixth Amendment right to a jury trial, his claim was not forfeited.[9]

---

[9] Alternatively, if the claim was forfeited, we exercise our discretion to address it. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party."].)

## V. The Trial Court Erred by Relying on Aggravating factors Not Proved in Compliance with Section 1170, subdivision (b) and the Error Was Not Harmless

Larios argues that the trial court violated the Sixth Amendment by imposing upper term sentences because it relied on aggravating factors that were not found true beyond a reasonable doubt by a jury. The People agree, as do we.

The prosecutor urged the trial court to impose the upper term, arguing that two aggravating factors applied: (1) "defendant has engaged in violent conduct that indicates a serious danger to society" (rule 4.421(b)(1)); and (2) "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness"[10] (rule 4.421(b)(2)). Here, without a jury trial, a stipulation, or a jury trial waiver, the trial court relied on the first factor, that Larios's conduct indicates a serious danger to society, to justify imposition of the upper term. This was error. Determining whether Larios's conduct indicates a serious danger to society requires a finding beyond the bare fact of a prior conviction and its elements, and this factor must be found true by a jury beyond a reasonable doubt before it is used to justify an upper term sentence. (*Wiley*, *supra*, 17 Cal.5th at p. 1086, fn. omitted ["a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm"]; see also *People v. Lynch* (2024) 16 Cal.5th 730, 776 (*Lynch*).)

The People also concede that the trial court's reliance on this factor was not harmless, and we agree. As our Supreme Court has instructed, we " 'cannot necessarily assume that the record reflects all of the evidence that would have been presented had

---

[10] We note that, in her sentencing brief, the prosecutor asserted she would submit evidence at the sentencing hearing to support this factor, in the form of Larios's certified RAP sheet. However, based on our review of the record, no evidence was submitted.

aggravating circumstances been submitted to the jury.' " (*Lynch*, *supra*, 16 Cal.5th at p. 753.)  Our Supreme Court further cautioned that, " ' "[t]o the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' " (*Id.* at p. 775.)  That is the case here.  Based on the record before us, we cannot conclude beyond a reasonable doubt that a jury would have found this aggravating factor true.

As the trial court erred and the error was not harmless, we will remand the matter for a full resentencing.

## DISPOSITION

The sentence is vacated, and the matter is remanded for a full resentencing consistent with this opinion.  The judgment is otherwise affirmed.


SNAUFFER, J.

WE CONCUR:


FRANSON, Acting P. J.


DE SANTOS, J.